**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CENTRAL PENNSYLVANIA TEAMSTERS HEALTH AND WELFARE FUND, et al.,** : | **CIVIL ACTION NO. 1:04-CV-0745** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **NEWBERRY TOWNSHIP, et al.,** : | |
| : | |
| **Defendants** : | |

**MEMORANDUM**

Presently before the court is a motion in limine in which plaintiffs, the Central Pennsylvania Teamsters Health and Welfare Fund ("Fund") and its trustees, seek to preclude defendants, Newberry Township and several municipal officials, from introducing certain evidence at trial in the above-captioned case. The complaint demands remittance of contributions allegedly owed on behalf of one of the Township's non-union employees, William Deardorff, under a collective bargaining agreement between the Township and its employees' union.[1] (Doc. 1). The court previously held, in the summary judgment context, that the agreement is

---

[1] Specifically, plaintiffs object to introduction of (1) evidence of "Mr. Deardorff's membership or nonmembership in the [u]nion," (2) evidence of "any unwritten understanding(s) of or between the . . . [u]nion and the Township regarding the Township's obligation to make contributions to the Fund on behalf of employees in bargaining unit positions who choose not to become members of the [u]nion," and (3) evidence of statements by a non-testifying union official "regarding the Township's obligation to make contributions to the Fund on behalf of employees in bargaining unit positions who choose not to become members of the . . . [u]nion." (Doc. 51 at 4).

ambiguous with respect to the meaning of "eligible employee," for whom contributions are required from the Township.[2]

The primary challenge to the evidence at issue is based on relevance: plaintiffs contend that extrinsic evidence relating to the parties' understanding of the collective bargaining agreement is irrelevant to the proper construction of the agreement. The court disagrees. An ambiguity in a contract *must* be resolved by reference to the parties' intent in adopting the provision, best gauged by their past dealings, course of conduct, and other "objective manifestations" of their understanding of the agreement. See, e.g., Teamsters Indus. Employees Welfare Fund v. Rolls-Royce Motor Cars, Inc., 989 F.2d 132, 136-37 (3d Cir. 1993), cited with approval in Einhorn v. Fleming Foods of Pa., Inc., 258 F.3d 192, 194-95 (3d Cir. 2001). The evidence challenged by plaintiffs relates to the parties' performance of their respective obligations under the agreement, and undoubtably reflects their understanding of its terms. The evidence is clearly relevant. See id.

The contrary argument offered by plaintiffs, that the construction of the contract must be based solely on the language of the contract, is based on a misapprehension of the parol evidence rule. The rule precludes the introduction of extrinsic evidence to *alter* or *contradict* the terms of an agreement. E.g., Taylor v. Cont'l Group Change in Control Severance Pay Plan, 933 F.2d 1227, 1234 (3d Cir.

---

[2] A more extensive discussion of the underlying facts of the case was presented in the court's previous decision (Doc. 49), familiarity with which is presumed.

1991).  However, it does not limit consideration of extrinsic evidence to *explain* an ambiguous provision.  E.g., Langer v. Monarch Life Ins. Co., 879 F.2d 75, 81 n.8 (3d Cir. 1989).  The agreement at issue has been held to be ambiguous with respect to the definition of "eligible employee"; as such, both parties are entitled (indeed, obliged) to offer extrinsic evidence to support their respective positions on the intended meaning of the phrase.  See Rolls-Royce, 989 F.2d at 136-37.  The parol evidence rule does not apply.[3]

Plaintiffs also argue that evidence of Mr. Deardorff's union membership must be excluded as irrelevant because it reflects the parties' intent to deprive non-union employees of benefits available to union employees under the collective bargaining agreement, in contravention of state and federal law.[4]  But, even

---

[3] The supporting citations offered by plaintiffs all involve discussions of the availability of a contractual defense, see, e.g., Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc., 85 F.3d 1098, 1101-07 (3d Cir. 1996), or the existence *vel non* of an ambiguity, see, e.g., Rolls-Royce, 989 F.2d at 135.  They are inapposite to this case, where the evidence at issue is being offered to explain the proper construction of a contractual provision already deemed to be ambiguous.  Cf. id. at 136-37 (considering extrinsic evidence of parties' intent after concluding that agreement was ambiguous).  See generally 6 ARTHUR LINTON CORBIN, CORBIN ON CONTRACTS §§ 573-596 (Joseph M. Perillo ed., 2002); RESTATEMENT (SECOND) OF CONTRACTS §§ 200-204, 209-218 (1981).

[4] See Byrnes v. DeBolt Transfer, Inc., 741 F.2d 620, 623 (3d Cir. 1984) ("[A]n employer may not encourage or discourage union membership by means of . . . making contributions to [a welfare fund only] on behalf of union members . . . .").

3

accepting *arguendo* the premise that such evidence reflects an unlawful objective,[5] plaintiffs' conclusion rests on a fatal *non sequitur*. That an agreement is rendered unenforceable by a certain construction does not mean *ipso facto* that the construction is wrong or that evidence in support thereof is irrelevant. See, e.g., Walsh v. Schlecht, 429 U.S. 401, 408 (1977); Gleason v. Norwest Mortgage, Inc., 243 F.3d 130, 140 (3d Cir. 2001). The parties may have intended that an agreement achieve an unlawful result; in such a case, the only acceptable construction is one that renders the agreement contrary to law. See id. Simply put, the *construction* of the contract is an issue separate from the *enforceability* of the contract. Evidence of Mr. Deardorff's union membership, even if it demonstrates that the agreement is unenforceable, is clearly relevant to its interpretation.

Finally, plaintiffs object on hearsay grounds to evidence that a non-testifying union official informed Township employees that they may choose to opt out of participation in the welfare plan. This objection is without merit. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). The statements at issue will not be introduced to prove that

---

[5] It should be noted, however, that the premise of this argument is doubtful. The fact that Mr. Deardorff was not a union member does not ineluctably lead to the conclusion that union members were favored over non-union members. It could also support the finding that non-union members were allowed to opt out of the welfare plan. This finding would arguably favor the Township's interpretation of the agreement without resulting in a conflict with state and federal law. See, e.g., Byrnes, 741 F.2d at 623.

the employees could, in fact, opt out of the plan. Rather, they are being introduced to corroborate the Township's understanding of the agreement, allegedly demonstrated by its course of performance, that participation in the plan was not obligatory. The statement is not offered "to prove the truth of the matter asserted" and is thus not hearsay.[6]

None of the grounds identified by plaintiffs provide a valid basis for exclusion of the challenged evidence. The motion in limine will be denied without prejudice to plaintiffs' right to object to the admissibility of the evidence during the course of trial in the above-captioned case.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:    June 9, 2005

---

[6] It may be noted that, even assuming *arguendo* that the statements could be classified as hearsay, they would be admissible under the exception for statements concerning "the declarant's then existing state of mind." FED. R. EVID. 803(3). See generally 30B MICHAEL H. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 7044 (interim ed. 2000).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CENTRAL PENNSYLVANIA TEAMSTERS HEALTH AND WELFARE FUND, et al.,** | : : : : | **CIVIL ACTION NO. 1:04-CV-0745**<br><br>**(Judge Conner)** |
| **Plaintiffs** | : : | |
| v. | : : | |
| **NEWBERRY TOWNSHIP, et al.,** | : : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 9th day of June, 2005, upon consideration of plaintiffs' motion in limine (Doc. 51), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 51) is DENIED without prejudice.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge