## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CENTRAL PENNSYLVANIA** | : | **CIVIL ACTION NO. 1:04-CV-0745** |
| **TEAMSTERS HEALTH AND** | : | |
| **WELFARE FUND, et al.,** | : | **(Judge Conner)** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NEWBERRY TOWNSHIP, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

Presently before the court for judgment is the claim of plaintiffs, the Central

Pennsylvania Teamsters Health and Welfare Fund ("Fund") and its trustees

("Trustees"), for remittance of contributions allegedly owed by defendants,

Newberry Township and several municipal officials, on behalf of a non-union

Township employee, William Deardorff, under a collective bargaining agreement

("Agreement"[1]) between Newberry Township and its employees' union.  The

Agreement provides that contributions shall be made for each "Eligible

Employee."  The court previously found this phrase to be ambiguous and indicated

that resolution of the meaning of the phrase would await trial, to permit "the

factfinder to determine, based on the terms of the Agreement and extrinsic

---

[1] The term "Agreement" should be construed as a reference to the series of three separate collective bargaining agreements in effect between the parties during the period for which contributions are allegedly owed.  (See Doc. 63, Exs. J-2, J-3, J-4).  These agreements differ only in minor aspects, which are not relevant for purposes of this decision.

evidence, whether Mr. Deardorff [is] an 'Eligible Employee' for whom contributions [are] required."

A bench trial was held in July 2005.  The evidence presented, including the testimony of the administrator of the Fund, demonstrates that Mr. Deardorff is not an "Eligible Employee."  The Fund does not have a right to receive contributions on his behalf, and judgment will be entered in favor of Newberry Township.

I.   **Findings of Facts**

1.      The Fund is a self-insured, jointly-administered, multi-employer employee benefit fund under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002, administered by the Trustees for the exclusive purpose of providing welfare and other benefits to its participants and beneficiaries and defraying the reasonable expenses of administering the plan.  (Doc. 163 , Ex. J-6; Doc. 164 at 8-11).

2.      The Fund receives contributions from various employers who are contractually obligated to make contributions to the Fund by virtue of being a party to collective bargaining agreements by and between the employers and different unions, including Central Pennsylvania Teamsters Local Union No. 430 and Central Pennsylvania Teamsters Local Union No. 776 (collectively "Union"[2]).  (See Doc. 63, Ex. J-6).

---

[2] Central Pennsylvania Teamsters Local Union No. 430 merged with Central Pennsylvania Teamsters Local Union No. 776 in July 2004.  (Doc. 52 ¶ 2).

3.     The Union is the exclusive bargaining representative for nonprofessional employees, including highway workers, of Newberry Township. (Doc. 52 ¶¶ 7-8).

4.     The Union and Newberry Township are parties to the Agreement, which governs the wages, hours, and other terms and conditions of employment for employees of Newberry Township represented by the Union.  (Doc. 63, Exs. J-2, J-3, J-4).

5.     Section 1 of Article 10 of the Agreement requires Newberry Township to make "monthly contributions to [the Fund] for each Eligible Employee covered by this Agreement in order to qualify such Employee for benefits in accordance with the terms of the Declaration of Trust."  (E.g., Doc. 63, Ex. J-4 at 8).

6.     Section 2 of Article 10 of the Agreement, titled "Eligibility of Employees," provides that an "Employee shall be deemed to be an Eligible Employee if such Employee has worked at least sixty (60) hours for the Employer during the preceding month."  (E.g., Doc. 63, Ex. J-4 at 9).

7.     All references to "employees" outside of Article 10 of the Agreement are not capitalized, implying a distinction between an "employee" and an "Employee."  (Doc. 64 at 48; see, e.g., Doc. 63, Ex. J-4).

8.     The Agreement does not define "Employee" or "Eligible Employee." (See, e.g., Doc. 63, Ex. J-4).

9.     The Agreement incorporates by reference the Declaration of Trust. (See, e.g., Doc. 63, Ex. J-4 at 8; Doc. 64 at 50, 54).

10.     The Union and Newberry Township are parties to separate agreements providing that all matters relating to eligibility for and participation in the Fund are governed by the Declaration of Trust.[3]  (Doc. 52 ¶¶ 4-5).

11.     The Declaration of Trust provides that the "Employer shall make prompt Contributions to the Fund in such amount and pursuant to the terms and conditions set forth in the [Declaration of Trust] and the rules and regulations of the Trustees which are applicable thereto, all pursuant to the Collective Bargaining Agreement in effect from time to time between the Employer or his bargaining representative and the Local Union."  (E.g., Doc. 63, Ex. J-6 at 19-20).

12.     The Declaration of Trust provides that "Contributions shall be made for each Eligible Employee of the Employer."  (E.g., Doc. 63, Ex. J-6 at 20).

13.     The Declaration of Trust defines "Employee" and "Eligible Employee"[4] as "[a] person working for an Employer, as defined herein, which Employer is required to make proper Contributions to the Fund pursuant to a Collective Bargaining Agreement with a Local Union, who shall have been

---

[3] The phrase "Declaration of Trust" should be construed as a collective reference to the Declaration of Trust and the "Plan" of the Fund, both of which include similar provisions and both of which were adopted by Newberry Township.  (See Doc. 63, Exs. J-5, J-6).

[4] The Declaration of Trust and an earlier version of the Agreement use the phrase "Eligible *Member* Employee" in place of the phrase "Eligible Employee." (See Doc. 63, Ex. 63, Ex. J-2 at 9; Doc. 63, Ex. J-6 at 6, 9 (emphasis added)).  The parties apparently agree that this change has no substantive effect on the issues involved in this case, and, for ease of reference, the court has used the former phrase throughout this decision.

proposed as a Participant and accepted as such by the Trustees." (<u>E.g.</u>, Doc. 63, Ex. J-6 at 6).

14.     The Declaration of Trust does not define the terms "proposed" or "accepted." (<u>See, e.g.</u>, Doc. 63, Ex. J-6).

15.     The Declaration of Trust defines "Participant" as an "Eligible Employee of an Employer entitled to receive Benefits under the Fund for himself, his Dependents, and/or his Beneficiaries and who has not, for any reason, become ineligible to participate thereunder." (<u>E.g.</u>, Doc. 63, Ex. J-6 at 9).

16.     The Declaration of Trust provides that:

> [The Trustees] have full and exclusive discretionary authority to determine all issues pertaining to Benefit Coverage and Eligibility therefor and to interpret all provisions of the [Declaration of Trust] . . . and the Regulations and procedures of the Fund.  Any such determination and/or interpretation adopted by the Trustees or the Administrator shall be binding upon all parties . . . and no court of law shall overturn any decision of the Trustees or the Administrator unless such decision is found to be arbitrary and capricious.

(Doc. 63, Ex. J-6 at 29).

17.     The Trustees have vested authority to interpret the Declaration of Trust in the administrator of the Fund, Joseph Samolewicz.  (Doc. 64 at 3-5, 6-7).

18.     Mr. Samolewicz testified that an employer is required to make contributions only for an "Eligible Employee."  (Doc. 63 at 50-51).

19.     Mr. Samolewicz testified that a person must be both "proposed" to the Fund by the employer and "accepted" by the Fund for participation in order to be deemed an "Eligible Employee."  (Doc. 63 at 13, 16-17, 39-43, 50-51).

20.     Mr. Samolewicz testified that a person is "proposed" as a "Participant" in the Fund when the Fund is notified that the person is employed by an employer that is a member of the Fund and is covered by the collective bargaining agreement.[5]  (Doc. 63 at 13-17).

21.     Mr. Samolewicz testified that the Fund may be notified of a person's employment through either formal submission by the employer or through an audit of the employer's personnel records by representatives of the Fund.  (Doc. 63 at 13-20).

22.     Mr. Samolewicz testified that a person is "accepted" as a "Participant" in the Fund when the employer submits all of the information required by the Fund pertaining to the person's employment and remits a contribution on behalf of the person.[6]  (Doc. 64 at 16-17, 21, 69-70).

23.     Mr. Samolewicz testified that a person whose employer has submitted all of the information required by the Fund pertaining to the person's employment but whose employer has not remitted a contribution on behalf of him or her is

---

[5] There is no obligation under the Agreement or the Declaration of Trust for the employer to notify the Fund of new employees.  (E.g., Doc. 64 at 37, 79; Doc. 65 at 209-12).

[6] In other words, the employer must take the affirmative step of remitting a payment to the Fund in order to ensure that the person is enrolled for benefits from the Fund.  (See, e.g., Doc. 64 at 16-17, 32, 55).  This initial *voluntary* contribution triggers the *mandatory* obligation to make monthly contributions for the person thereafter under the Agreement and the Declaration of Trust.  (E.g., Doc. 63 at 39-44, 50-51).  Once a person is "accepted" for benefits from the Fund, that person may not thereafter "opt out" of participation in the Fund.  (E.g., Doc. 64 at 25, 55, 69-70, 83-84; Doc. 65 at 228).

considered to have been "proposed" but not "accepted" as a "Participant."  (Doc. 64 at 16-17, 21, 69-70).

24.     Mr. Samolewicz testified that a person who has not been "accepted" as a "Participant" in the Fund is not considered an "Eligible Employee" entitled to receive benefits from the Fund.  (Doc. 63 at 13, 16, 40-44, 50).

25.     The Fund does not recognize a person as a "Participant" or an "Eligible Employee" until the employer had made a contribution to the Fund on behalf of the person.  (Doc. 63 at 13, 16-17, 40-44, 50-51, 69-71; <u>see also</u> Doc. 64 at 80-82).

26.     Supervisors of Newberry Township instructed employees that they were not required to participate in the Fund and would not receive benefits from the Fund if they were not proposed to the Fund by the Township and accepted by the Fund.  (Doc. 167 at 167-68, 170-75, 183, 186, 192, 224-26; <u>see also</u> Doc. 64 at 80-82; Doc. 65 at 209-10).

27.     Supervisors of Newberry Township did not make contributions to the Fund on behalf of persons who did not wish to participate in or receive benefits from the Fund.  (Doc. 167 at 167-68, 170-75, 183, 186, 192, 224-26; <u>see also</u> Doc. 64 at 80-82; Doc. 65 at 209-10).

28.     Representatives of the Fund were aware that supervisors and employees of Newberry Township did not make contributions to the Fund on behalf of persons who did not wish to participate in or receive benefits from the Fund and that supervisors of Newberry Township interpreted the Agreement and

7

the Declaration of Trust as not requiring the Township to make contributions to the Fund on behalf of persons who did not wish to participate in or receive benefits from the Fund.  (<u>E.g.</u>, Doc. 64 at 125-26, 137-39, 143; <u>see also</u> Doc. 65 at 217-18; <u>cf.</u> Doc. 64 at 141).

29.   Newberry Township and the Fund interpreted the Agreement and Declaration of Trust to define an "Eligible Employee" as a person who is employed by an employer that is a member of the Fund, who is covered by the Agreement, who has worked at least sixty hours for the employer during the preceding month, for whom notice of employment has been submitted to the Fund, whose employer has submitted all of the information required by the Fund pertaining to the person's employment, and whose employer has remitted a contribution on behalf of the person.[7]  (<u>See</u> Doc. 64 at 16-17, 21, 69-71, 80-81; <u>see also</u> Doc. 64 at 167-68, 170-75, 183, 186, 192, 224-26).

30.   Mr. Deardorff has been employed by Newberry Township as a highway worker since January 2000.  (<u>E.g.</u>, Doc. 65 at 191).

31.   Newberry Township is a member of the Fund.  (<u>E.g.</u>, Doc. 65 at 224-25).

32.   Mr. Deardorff is covered by the Agreement.  (Doc. 52 ¶ 10).

---

[7] A person does not have to be a member of the Union to be an "Eligible Employee" under the Agreement and Declaration of Trust (<u>e.g.</u>, Doc. 65 at 228-29. <u>But cf.</u> Doc. 65 at 178).  <u>See also</u> <u>Byrnes v. DeBolt Transfer, Inc.</u>, 741 F.2d 620, 623 (3d Cir. 1984) ("[A]n employer may not encourage or discourage union membership by means of . . . making contributions to [a welfare fund only] on behalf of union members . . . .").

33.     Mr. Deardorff had, during all relevant times for which contributions are sought, worked at least sixty hours for Newberry Township during the preceding month.  (Doc. 52 ¶ 15; <u>see also</u> Doc. 64 at 127).

34.     Notice of employment of Mr. Deardorff was provided to the Fund in May 2001 through an audit of the Newberry Township's personnel records by representatives of the Fund.  (<u>See</u> Doc. 64 at 60-61, 124-25, 137).

35.     All of the information required by the Fund pertaining to Mr. Deardorff's employment was provided to the Fund in August 2003 through an audit of Newberry Township's personnel records by representatives of the Fund.  (<u>See</u> Doc. 64 at 31, 127-28).

36.     Newberry Township has not remitted a contribution on behalf of Mr. Deardorff.  (<u>E.g.</u>, Doc. 65 at 60-61; Doc. 65 at 219).

37.     The Fund has not accepted Mr. Deardorff as a participant and does not recognize Mr. Deardorff as entitled to benefits from the Fund.[8]  (<u>See</u> Doc. 64 at 16-17, 21, 31, 40-44, 51, 60-61, 69-71, 80-82; Doc. 65 at 199, 219).

38.     Mr. Deardorff is not an "Eligible Employee" within the meaning of the Agreement or Declaration of Trust, as interpreted according to the contractual

---

[8] Instead, Mr. Deardorff enrolled for benefits through a separate insurance program offered by Newberry Township.  (<u>E.g.</u>, Doc. 65 at 197-99, 211).

language, the testimony of Mr. Samolewicz,[9] and the extrinsic evidence of the

contracting parties' understandings, as demonstrated by their respective course of

performance.[10]  (See Doc. 63, Exs. J-2, J-3, J-4, J-5, J-6; Doc. 64 at 16-17, 21, 31, 40-44,

51, 60-61, 69-71, 80-82; Doc. 65 at 219).

      39.    Because Mr. Deardorff is not an "Eligible Employee" within the

meaning of the Agreement or the Declaration of Trust, Newberry Township is not

required to make contributions on his behalf under the terms of the Agreement and

the Declaration of Trust.  (See Doc. 63, Ex. J-4 at 8, Ex. J-6 at 20; see also Doc. 64 at

50-51).

      40.    Any interpretation or decision that Newberry Township is required to

make contributions on behalf of Mr. Deardorff, who is not an "Eligible Employee,"

is contrary to the language of the Agreement and the Declaration of Trust and the

intent of the parties to those agreements and is arbitrary and capricious.  (See Doc.

---

[9] The court specifically credits those aspects of Mr. Samolewicz's testimony in which he stated that a person is not considered an "Eligible Employee" or a "Participant," entitled to benefits from the Fund, until the person's employer has made a contribution on behalf of the person.  (See, e.g., Doc. 63 at 13, 16-17, 35, 39-43, 50-52, 69-70).  Other parts of his testimony, in which he nevertheless asserted that Mr. Deardorff was an "Eligible Employee," were inconsistent, contradictory, and frankly unbelievable.  (See, e.g., Doc. 63 at 24-25, 34-35, 52).  These statements reflected, in the view of the court, a *post hoc* attempt to craft a favorable interpretation of the Agreement and Declaration of Trust to accommodate the goals of this litigation.

[10] It should be noted that the court would make this finding based solely on the language of the documents and the testimony of Mr. Samolewicz, even in the absence of extrinsic evidence of the contracting parties' understanding of the Agreement and Declaration of Trust.

63, Exs. J-2, J-3, J-4, J-5, J-6; Doc. 64 at 16-17, 21, 69-71, 80-81; <u>see also</u> Doc. 64 at 167-68, 170-75, 183, 186, 192, 224-26).

## II.    <u>Discussion</u>

Interpretation of an ambiguous contractual provision is a question of fact, to be resolved by the trier of fact based on "objective manifestations" of the parties' understanding of the agreement.  <u>See, e.g.</u>, <u>Teamsters Indus. Employees Welfare Fund v. Rolls-Royce Motor Cars, Inc.</u>, 989 F.2d 132, 136-37 (3d Cir. 1993), <u>cited with approval in</u> <u>Einhorn v. Fleming Foods of Pa., Inc.</u>, 258 F.3d 192, 194-95 (3d Cir. 2001).[11]  The relevant "manifestations" in this case clearly demonstrate that the phrase "Eligible Employee," as used in the Agreement and the Declaration of Trust, does not encompass Mr. Deardorff.

The Agreement and the Declaration of Trust define an "Eligible Employee" as a person who has been both "proposed" and "accepted" as a participant in the Fund.  The administrator of the Fund, Mr. Samolewicz, testified that the Fund interpreted the terms "proposed" and "accepted" to have independent and essential operation in classifying a person as an "Eligible Employee."  A person is "proposed" as a participant when the Fund is notified of the person's employment with a member employer.  This initial notification allows the Fund to investigate the person's employment record, seeking additional information from the employer

---

[11] <u>See generally</u> 6 ARTHUR LINTON CORBIN, CORBIN ON CONTRACTS §§ 573-596 (Joseph M. Perillo ed., 2002); RESTATEMENT (SECOND) OF CONTRACTS §§ 200-204, 209-218 (1981).

if necessary, and to ensure that qualified employees are not omitted from participation due to employer oversight.  A person is "accepted" as a participant when the Fund has received all of the information required by the Fund pertaining to the person's employment and when the employer has remitted a contribution on behalf of the person.  The submission of the additional information allows the Fund to assess whether the person properly qualifies for participation under the Agreement and the voluntary remittance of the initial contribution indicates the person's election to participate in the Fund.  Once the person is "accepted" by the Fund under this process, the mandatory contribution obligation arises and the employer must thereafter remit monthly contributions to the Fund on behalf of the person.

The process of proposal and acceptance outlined by Mr. Samolewicz comports with the understanding of Newberry Township.  Employees covered by the Agreement were given the option, at the commencement of their employment, to enroll in the Fund or in an alternative insurance plan offered by the Township. For those employees who wished to enroll in the Fund—the vast majority of individuals—the Township remitted a monthly contribution and recognized thereafter a continuing obligation to make these payments under the Agreement and Declaration of Trust.  For other employees—specifically Mr. Deardorff—the Township did not make a contribution to the Fund and, instead, initiated enrollment in the alternative insurance program.

12

An "Eligible Employee" is a person who has been both "proposed" as a participant in the Fund and "accepted" by the Fund for participation.  Mr. Deardorff was not "accepted" by the Fund for participation and is not an "Eligible Employee" under the terms of the Agreement or Declaration of Trust.  Mr. Samolewicz conceded that Mr. Deardorff had not been "accepted" by the Fund and was not entitled to benefits but, nevertheless, asserted that Mr. Deardorff was an "Eligible Employee."  This conclusion is obviously inconsistent with the interpretation of the Agreement and Declaration of Trust offered by Mr. Samolewicz and, in the view of the court, represents a *post hoc* attempt to invoke the provisions of the Declaration of Trust vesting interpretive authority in the administrator.[12]  The court finds this aspect of Mr. Samolewicz's testimony incredible and his conclusion, that Mr. Deardorff is an "Eligible Employee," to be arbitrary and capricious.  See DeWitt v. Penn-Del Directory Corp., 106 F.3d 514, 521-22 (3d Cir. 1997).  That conclusion is rejected.

Because Mr. Deardorff is not an "Eligible Employee" under the Agreement and Declaration of Trust, Newberry Township did not and does not have an obligation to make contributions to the Fund on his behalf.  Accordingly, judgment on the claim of the Fund for remittance of contributions will be entered in favor of Newberry Township.

---

[12] See supra note 9.

**III.**    **Conclusions of Law**

1.    Plaintiffs have failed to prove by a preponderance of the evidence the elements necessary to succeed on a claim for remittance of contributions allegedly owed by defendants on behalf of defendants' employee under a collective bargaining agreement.

2.    Plaintiffs have failed to prove by a preponderance of the evidence that the collective bargaining agreement obligates defendants to make contributions on behalf of the employee.

3.    Judgment should be entered against plaintiffs and in favor of defendants on plaintiffs' claim for remittance of contributions allegedly owed by defendants on behalf of defendants' employee under a collective bargaining agreement.

An appropriate order will issue.


      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      September 6, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CENTRAL PENNSYLVANIA** | : | **CIVIL ACTION NO. 1:04-CV-0745** |
| **TEAMSTERS HEALTH AND** | : | |
| **WELFARE FUND, et al.,** | : | **(Judge Conner)** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NEWBERRY TOWNSHIP, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**<u>ORDER</u>**

AND NOW, this 6th day of September, 2005, upon consideration of the
complaint (Doc. 1), and following a bench trial, and for the reasons set forth in the
accompanying memorandum, it is hereby ORDERED that the Clerk of Court is
directed to enter JUDGMENT in favor of defendants and against plaintiffs and to
CLOSE the above-captioned case.

   <u>S/ Christopher C. Conner</u>
CHRISTOPHER C. CONNER
United States District Judge